## No. 21627.

FOUR COUNTIES WATER USERS ASSOCIATION *v.*
COLORADO RIVER WATER CONSERVATION DISTRICT.
(425 P.2d 266)

Decided January 23, 1967.

IRELAND, STAPLETON, PRYOR & HOLMES, D. MONTE, PASCOE, RICHARD J. SPELTS, for plaintiff in error.

DELANEY & BALCOMB, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THERE are no controversial issues of fact in this writ of error. Only an interpretation of various statutes of Colorado respecting conditional decrees for the appropriation of water is sought by plaintiff in error, Four Counties Water Users Association, hereinafter referred to as Four Counties.

The sole question to be determined on this writ of error is:

*Whether a claimant for water rights in one water district may contest the continuation of a conditional decree entered in another water district in the same irrigation division.*

Defendant in error, Colorado River Water Conservation District, hereinafter called the District, obtained in the district court of Moffat County a conditional decree for a water appropriation out of Water District 44, Irrigation Division 6, in September of 1960 on what is denominated the Juniper Project. Four Counties claims water rights in Water District 58, Irrigation Division 6.

Pursuant to the conditional decree statute, C.R.S. 1963, 148-10-8, the District returned to the district court on June 22, 1962 and obtained an order continuing its conditional decree until adjudication day of 1964. At the same time the District also obtained an order changing the priority date given the proposed appropriation. When the proceedings called for by section 148-10-8 were undertaken by the District in 1964 to further continue its conditional decree, Four Counties sought to appear and protest and object to the continuation of the decree. The court, however, determined that under the proceedings then being held as provided by section 148-10-8, Four Counties not being a claimant for water in Water District 44, although being in Irrigation Division 6, had no standing to object or protest to the continuation of the District's decree. The court, without considering any other grounds asserted by Four Counties, determined that the District had made a showing of due diligence so as to entitle it to a continuance of its conditional

decree and entered an order pursuant to such determination.

Four Counties had prosecuted this writ of error contending that the trial court erred in denying it the opportunity to appear and participate. Four Counties seeks in this court a reversal of the order of the trial court, and further, that we direct that the matter be reopened and that Four Counties be allowed to appear and present its objections. C.R.S. 1963, 148-10-8, provides in pertinent part as follows:

"(1) The day of the opening of the first term of said district court in every even numbered year after the year of entry of said decree in said general adjudication proceeding shall be adjudication day for the hearing of further proof in support of any appropriation so granted conditional decree in said general adjudication and for the purpose of permitting such claimant to show reasonable diligence in the prosecution of the completion of said appropriation, without further notice to any claimants of water in said water district who are required by this article to appear at said general adjudication proceedings or to those claimants who shall have been awarded conditional decrees, as in this article provided.

"(2) Any appropriator or claimant *in said water district* may appear at such hearing for cross-examination of witnesses, the introduction of rebutting evidence, the filing of objections and saving of exceptions. Such proofs may be heard on the same or at some later day by the court or by the referee appointed for hearing the same * * *." (Emphasis added.)

Four Counties argues that notwithstanding the use of the words "in said Water District" the legislature intended that persons claiming water out of the same irrigation division, even though not the same water district, be permitted to object at any stage of the proceedings continuing the decree. It is asserted that C.R.S. 1963, 148-9-10, provides that any person in any other water district *in the same irrigation division* may appear

in proceedings in which the conditional decree is originally claimed and applied for; and that it is an anomaly to permit a person in the same irrigation division, though not in the same water district, to protest the granting of the conditional decree in the first instance but to prohibit that same person from appearing on subsequent adjudication days and to protest the amended priority dates (sometimes granted, as in this case) as well as contesting the question of due diligence since the priority date. It is also asserted by Four Counties that to deny Four Counties the right to appear in the particular proceedings before the district court results in additional litigation, hinders and delays early settlement of relative priorities and does not afford the court full and complete information on the matter of due diligence as only an adversary proceedings — such as that which would be granted by the issues raised — would be able to do.

The District counters the argument by asserting that Four Counties has a specific statutory remedy by the provision of C.R.S. 1963, 148-9-17, sometimes referred to as the "four year statute." By this section persons aggrieved by assignment of priorities in the same irrigation division but in another water district, not appearing pursuant to section 148-9-10 (4) may bring a suit to attack the order of priorities as it relates to them. The District argues that there is good reason for a special and separate proceeding; it offers the rationale that, if Four Counties (or any other persons for that matter) is permitted to appear at a due diligence hearing, circumvention of the limitation periods contained in 148-9-17 would result. This, in turn, then might change priorities and alter established appropriation priority dates many years later. Furthermore, the salutary effect of the four year statute of limitations designed to bring some certainty in awarding of priorities would be destroyed.

We agree with the contention of the District and with the court's determination of this question. Four

Counties does have the statutory remedy provided in 148-9-17; in fact, in anticipation that such might be the final determination by this court, Four Counties did institute and has pending in the district court just such a suit brought pursuant to this section. We believe that the statute does provide the proper remedy notwithstanding the argument of Four Counties to the contrary.

We are persuaded that the four year statute of limitations was designed by the legislature to place some limitation on litigation respecting water priorities and that the statute would be rendered impotent if one could appear on any adudication date and convert the due diligence hearing usually held on those dates into an attack on the priority date. These conditional decrees are continued every two years over a period of a decade, or longer, depending upon the magnitude of the project, and it would be quite detrimental to the priorities granted in such projects if in the 10th or 16th or 20th year one, such as in the position of Four Counties, could in such proceeding attack the priority date or the court's previous determinations as to due diligence.

The judgment is affirmed.

MR. JUSTICE HODGES and MR. JUSTICE KELLEY not participating.